UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
YOEL BAUM,

                              Plaintiff,

    - against -

RACHEL BROWN and MENACHEM MENDEL BLUM,

                              Defendants.
------------------------------------------------------------x

**ORDER**

No. 22-CV-3415 (CS)

On December 30, 2021, Plaintiff initiated an eviction holdover proceeding against Defendants in New York state court. (ECF No. 3-5.) Defendant Menachem Mendel Blum removed the case on April 27, 2022, arguing that he has a federal defense to the underlying eviction proceeding under the Fair Housing Act, and that the eviction proceeding is related to Defendant Brown's bankruptcy proceeding, which was filed on February 23, 2022. (ECF No. 1 ¶¶ 3, 6-10.) On May 28, 2022, Plaintiff moved to remand the case. (ECF No. 3.)[1] Defendant filed an opposition, which is dated June 23, 2022. (ECF No. 7 ("D's Opp.").) Plaintiff filed a short reply on June 27, 2022, urging the Court to decide the motion before a state court proceeding scheduled for June 29, 2022.[2]

---

[1] On June 2, 2022, the Clerk of Court notified Plaintiff of the need to re-file the motion. (*See* Notice to Attorney dated June 2, 2022.) The Court reminded Plaintiff of the same on June 24, 2022. (ECF No. 8.) Plaintiff still has not complied.

[2] Defendant twice made submissions on or after his deadline to oppose this motion: the first sought a three-week extension, which I granted in part to extend defendant's deadline one week, to June 19. (*See* ECF No. 5.) The second was a fax submitted on Defendant's behalf on June 22, which did not include a formal request for retroactive extension of the June 19 deadline; nonetheless, in consideration of Defendant's *pro se* status, I gave him a final opportunity to submit an opposition by June 23. Once he did so (his papers were filed on June 24 but dated June 23) I gave Plaintiff the chance to reply by June 29.

An action filed in state court may properly be removed by a defendant if "the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). As a general matter, removal jurisdiction must be "strictly construed," *Syngenta Crop Prot., Inc. v. Henson*, 537 U.S. 28, 32 (2002), and any doubts should be resolved against removability "out of respect for the limited jurisdiction of the federal courts and the rights of states," *In re Methyl Tertiary Butyl Ether ("MTBE") Prods. Liab. Litig.*, 488 F.3d 112, 124 (2d Cir. 2007). Therefore, "[a] party seeking removal bears the burden of showing that federal jurisdiction is proper." *Montefiore Med. Ctr. v. Teamsters Local 272*, 642 F.3d 321, 327 (2d Cir. 2011).

"[A] defendant generally may not remove a case to federal court unless the *plaintiff's* complaint establishes that the case arises under federal law." *McCulloch Orthopaedic Surgical Servs., PLLC v. Aetna Inc.*, 857 F.3d 141, 145 (2d Cir. 2017) (cleaned up) (emphasis in original). The assertion of a defense or counterclaim to the eviction under federal law does not make this case removable. *See Aetna Health Inc. v. Davila*, 542 U.S. 200, 207 (2004) (cleaned up). ("[T]he existence of a federal defense normally does not create statutory 'arising under' jurisdiction, and a defendant may not generally remove a case to federal court unless the plaintiff's complaint establishes that the case 'arises under' federal law."); *Beneficial Nat'l Bank*

---

In Plaintiff's reply papers, filed on June 27, Plaintiff for the first time informed me of a "pending appearance for the State Matter" set for June 29 and asked that I decide the motion prior to that date. First, it is not clear to me how there could be an appearance for the state matter when the case is currently removed to federal court (even though, by this order, the matter is now remanded). Second, Plaintiff waited a full month after removal to move to remand this case, and has had weeks since the first time Defendant sought to extend his opposition deadline to inform me of this state-court date and to request that I rule on one day's notice "as to not delay this matter any further." (ECF No. 9 ¶ 12.) In short, although I am accommodating Plaintiff's request to decide the motion quickly, both parties are advised that this Court is not here to act on their schedules or to respond to every last-minute contingency – particularly those that could have been raised earlier. Should they find themselves before this Court again, they should conduct themselves accordingly.

*v. Anderson*, 539 U.S. 1, 6 (2003) ("[A] defense that relies on the preclusive effect of a prior federal judgment or the pre-emptive effect of a federal statute will not provide a basis for removal.") (cleaned up).  This reasoning has been applied to eviction holdover proceedings in New York state court, the exact type of proceeding Defendant seeks to remove here:

> [N]o violation of a federal statute or law is alleged in the holdover petition filed in state court.  Indeed, the holdover eviction proceeding appears to be entirely a matter of state law.  Defendants' challenges under the Fair Housing Act and ownership arguments would – at best – constitute counterclaims or defenses to the holdover proceeding.  However, the fact that non-federal claims may be subject to a federal defense or counterclaim does *not* create a federal question.

*FT171, LLC. v. Itzkowitz*, No. 18-CV-00542, 2018 WL 1587171, at *2 (S.D.N.Y. Mar. 29, 2018) (emphasis in original).[3]  This ground for removal is thus improper, and remand is warranted.

To the extent Defendant initially argued that removal was proper because this case is "related to" Defendant Brown's bankruptcy case, and to the extent such removal was timely, I

---

[3] It is also not clear that removal was timely.  A notice of removal pursuant to 28 U.S.C. § 1446 is proper "if the case stated by the initial pleading is not removable," and "a notice of removal [is] filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable."  28 U.S.C. § 1446(b)(3).  "Other paper" as used in § 1446(b)(3) must be a document that is produced as part of the underlying state court litigation, *see Correnti v. Bertram D. Stone Inc.*, No. 13-CV-3698, 2013 WL 5231863, at *2 (S.D.N.Y. July 17, 2013), and generally does not include oral statements, *see e.g.*, *Quintana v. Werner Enters., Inc.*, No. 09-CV-1771, 2009 WL 3756334, at *1 (S.D.N.Y. Nov. 2, 2009).

Defendant contends that he first learned the case was removable in April 2022 when Plaintiff "stated that he had decided, contrary to former agreement, to sell the property at issue to a non-disabled person, i.e., a person without a handicap, and a person who does not 'associate with that person.'"  (D's Opp. ¶ 9.)  This alleged statement, Defendant says, demonstrated to him that "Plaintiff plans to violate – or indeed may have already violated – the FHA," in addition to the ADA and other unidentified federal statutes.  (*Id.* ¶ 13.)

The assertion that Plaintiff made some unspecified "statement" that Defendant believes gives rise to defense or counterclaim based on federal civil rights laws does not clearly reference the production, in litigation, of an "amended pleading, motion, order or other paper" under which removal here could be considered timely.

3

also find that remand is appropriate. "Under 28 U.S.C. § 1452(b), the court to which a claim or cause of action related to a case under title 11 is removed may remand such claim or cause of action on any equitable ground. Courts maintain wide discretion to make an equitable remand finding." *Anonymous #1 v. Kelsey*, No. 20-CV-1542, 2021 WL 4940997, at *4 (S.D.N.Y. July 19, 2021). Courts consider:

> (1) the effect on the efficient administration of the bankruptcy estate; (2) the extent to which issues of state law predominate; (3) the difficulty or unsettled nature of the applicable state law; (4) comity; (5) the degree of relatedness or remoteness of the proceeding to the main bankruptcy case; (6) the existence of the right to a jury trial; and (7) prejudice to the involuntarily removed defendants.

*Id.* Here, these factors weigh in favor of remanding the case. The Bankruptcy Court has lifted the automatic stay to allow the state-court eviction case to proceed, (*see* ECF No. 3-10), and it is clear that the premises at issue are rented and have no effect on the bankruptcy estate, (*see* ECF No. 7 ¶¶ 20-21). The appeal from the order lifting the stay has been dismissed. *See* Order of Dismissal, *In re Rachel Brown*, No. 22-CV-5100 (S.D.N.Y. June 17, 2022). Thus the eviction proceeding has no connection to the bankruptcy case; it is a simple matter of state law; no jury trial right is impacted; and the delay from removal is prejudicial to Plaintiff.

Finally, Plaintiff asks the Court to assess attorney's fees under 28 U.S.C. § 1447(c). Fees under that provision are not awarded "as a matter of course" but "are warranted only where the removing party lacked an objectively reasonable basis for seeking removal." *Sea Gate Ass'n v. Krichevsky*, No. 18-CV-3408, 2019 WL 8587287, at *9 (E.D.N.Y. June 21, 2019). While the grounds to remove here come close to that line, considering Defendants' *pro se* status, I will not award fees at this time. *See id.* ("Although removal of this action was improper for the reasons articulated above, the court declines to award fees. The removing defendant is acting *pro se* and apparently did not understand the limitations on removal of actions to federal court."). But

"defendant is now on notice that the grounds for removal addressed above are improper, and any further attempts to remove this action will likely result in an award of fees." *Id.*[4]

For the reasons stated above, the Clerk of Court is respectfully directed to remand this case forthwith to the Justice Court for the Town of Monroe, County of Orange, State of New York, and to close the case.

**SO ORDERED.**

Dated: June 28, 2022
White Plains, New York

*Cathy Seibel*
_____
CATHY SEIBEL, U.S.D.J.

---

[4] It appears to the Court that Defendants may have had the help of an attorney in drafting their removal papers. Should they appear before this Court *pro se* again, they will be required to state whether they have had the assistance of counsel.

5